UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATALIE DANIEL,<br><br>      Plaintiff,<br><br>  v.<br><br>M-I, LLC, a.k.a. M-I SWACO, A SCHLUMBERGER COMPANY; TIM O'NEIL; FREEPORT-MCMORAN, INC, formerly known as PXP OIL; KENAI DRILLING LTD.; OCCIDENTAL PETROLEUM CORPORATION; CALIFORNIA RESOURCES CORPORATION,<br><br>      Defendants. | No. 1:15-cv-00746-GEB-JLT<br><br>**REMAND ORDER** |

      Plaintiff moves to remand this action to the state court from which Defendant M-I LLC ("M-I") removed it, arguing, *inter alia*, "Plaintiff filed a First Amended Complaint [(the "FAC")] naming four new parties prior to [M-I]'s Notice of Removal [("NOR")] . . . ." (Pl.'s Remand Mot. ("Mot.") 2:10–11, ECF No. 31.)[1] However, Plaintiff conversely asserts she filed the FAC in state court *after* M-I filed its NOR. (Mot. 7:15–21.) The filing date is significant, because complete diversity must exist both when the action is filed in state court and when it is removed. Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

---

[1] The four new parties are Freeport-McMoRan Inc., Kenai Drilling Limited, Occidental Petroleum Corporation, and California Resources Corporation (collectively, the "new Defendants"). (FAC 1, ECF No. 6.)

1

On May 14, 2015, M-I removed this case from the Superior Court of California, County of Kern, asserting in its NOR that the sole basis for removal is diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (NOR ¶ 3, ECF No. 1.)

## I. LEGAL STANDARD

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). In a diversity action, the removing party must establish compliance with 28 U.S.C. § 1332, which "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

To determine whether complete diversity exists, the court generally looks to "the face of the complaint." Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985) (citations omitted). As stated, for removal purposes, complete diversity must exist both when the action is filed in state court and when it is removed. Strotek Corp., 300 F.3d at 1131 (citations omitted) ("[T]he core principle of federal removal jurisdiction on the basis of diversity . . . [is] that it is determined (and must exist) as of the time the complaint is filed and removal is effected.").

Further, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94

1  (2010). Moreover, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. DISCUSSION

The parties assume the original Complaint, filed in state court on March 30, 2015, (NOR Ex. A-1, ECF No. 1-2), is the operative complaint. In her Motion to Remand, Plaintiff discusses the procedural timeline in state court and asserts she filed the FAC in state court on May 20, 2015, after M-I filed its NOR on May 14, 2015. (Mot. 7:15-21.) Unsurprisingly, M-I responds "it is undisputed that only one [c]omplaint had been filed in state court . . . . [and] [i]t was not until after M-I removed the case that Plaintiff filed the [FAC]." (Def.'s Opp'n to Mot. ("Opp'n") 4:13-24, ECF No. 37.)

To determine whether the original Complaint or the FAC controls in this motion, the Court *sua sponte* takes judicial notice of the FAC filed in state court, (Mot. Ex. C, ECF No. 31-3), and the amended proof of service of summons (the "Amended Summons"), (Mot. Ex. G, ECF No. 31-7), which Plaintiff has attached as exhibits to her Motion to Remand. The Court may take judicial notice of these exhibits, since the FAC filed in state court and the Amended Summons are publicly filed documents in another court. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of

3

court filings and other matters of public record."); see also Bank of New York Mellon v. Hong Xuan Vo, No. 14-CV-05110-LHK, 2015 WL 662221, at *1 n.1 (N.D. Cal. Feb. 12, 2015) (taking judicial notice of plaintiff's state court complaint and the proofs of service of the summons and complaint, on a motion to remand).

These exhibits establish that the FAC controls in this motion, since Plaintiff filed the FAC in state court before M-I filed its NOR. Specifically, the FAC filed in state court is filed-stamped in the Superior Court of California, County of Kern, on May 8, 2015. (Mot. Ex. C.) Although Plaintiff asserts she filed the FAC in state court on May 20, 2015, (Mot. 7:20–21), the record shows that the state court received the Amended Summons, and not the FAC, on that date. (Mot. Ex. G.) Since Plaintiff filed the FAC in state court on May 8, 2015, before M-I filed its NOR on May 14, 2015, the FAC is the operative complaint. Thus, as pertinent here, it must be determined whether complete diversity existed when Plaintiff filed the FAC in state court and when M-I removed the case to federal court. See Strotek, 300 F.3d at 1131.

Title 28 U.S.C. § 1446(a) requires, *inter alia*, that a notice of removal "contain[] a short and plain statement of the grounds for removal" which entitle the petitioning party to remove the case. Here, M-I's NOR is deficient because it has not alleged or addressed the citizenship of the new Defendants. Instead, its NOR is based on an inoperative complaint, the original Complaint. Therefore, M-I has not met its burden of establishing complete diversity exists in this case.

4

1          The court may construe a removing party's "opposition
2    as an amendment to its notice of removal." Cohn v. Petsmart,
3    Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002) (citing Willingham v.
4    Morgan, 395 U.S. 402, 407 n.3 (1969) ("[I]t is proper to treat
5    the removal petition as if it had been amended to include the
6    relevant information contained in the later-filed affidavits.");
7    28 U.S.C. § 1653); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v.
8    Tokio Marine & Nichido Fire Ins. Co., Ltd (U.S. Branch), No.
9    10CV1733 JLS CAB, 2010 WL 4072466, at *1 (S.D. Cal. Oct. 18,
10   2010) (citations omitted) ("The Court takes this proof [of
11   jurisdictional facts] from the notice of removal and may
12   also . . . construe the brief in opposition to the Motion to
13   Remand as an amendment to the Notice of Removal.").

14         But even if the court construes M-I's opposition as an
15   amendment to its NOR, no information in the opposition cures the
16   deficient NOR. In opposition, M-I acknowledges Defendants Kenai
17   Drilling Limited and California Resources Corporation are
18   possibly California citizens, but does not allege the citizenship
19   of the other two defendants. (Opp'n 13:1-4.) M-I further argues
20   this Court "should exercise its discretion under 28 U.S.C.
21   § 1447(e) to deny joinder." (Opp'n 12:21-24.) However, M-I's
22   argument is misplaced, since § 1447(e) applies when a plaintiff
23   seeks to join additional, non-diverse defendants *after* removal.
24   In contrast, the Plaintiff here joined the new Defendants before
25   removal. Therefore, M-I's opposition contains no additional,
26   relevant information needed to support diversity jurisdiction.

27         Moreover, in her Motion to Remand, Plaintiff argues,
28   *inter alia*, that Defendants Kenai Drilling Limited and California

Resources Corporation are both California citizens, and thus, removal is improper. (Mot. 2:23-25.)[2] For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Further, a corporation's principal place of business is the corporation's nerve center, which is "usually its main headquarters . . . ." Hertz Corp., 559 U.S. at 93. Here, Plaintiff alleges in the FAC that Defendants Kenai Drilling Limited and California Resources Corporation are corporations headquartered in California (FAC ¶¶ 10-11); therefore, Plaintiff alleges both defendants are, in part, citizens of California. Plaintiff also alleges she is a citizen of California. (FAC ¶ 4.) Thus, it appears from the face of the FAC that complete diversity does not exist.

### III. CONCLUSION

For the stated reasons, Plaintiff's Motion to Remand is GRANTED, and this case is remanded to the Superior Court of California, County of Kern.

Dated:   September 30, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2] Defendant Tim O'Neil also appears to be non-diverse, but in its NOR, M-I argued that Plaintiff fraudulently joined Defendant O'Neil. (NOR ¶ 7.) The court will not address this argument, since the presence of two other non-diverse defendants shows this case lacks complete diversity.